■ In the Matter of JOSEPH ABRAMS, Petitioner, v THOMAS A. COUGHLIN III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, returned from a furlough on February 17, 1988. Upon his return to the prison, petitioner was strip

searched and his personal property was taken from him and placed in a bag which was then put in a locked locker. The following day petitioner reported to the package room to retrieve his personal belongings. According to Correction Officer Carl King, as he was checking petitioner's property in the package room he noticed some plastic inside a sneaker. He reached inside and pulled out a plastic bag which appeared to contain marihuana. After the substance tested positive for marihuana, a misbehavior report was prepared by King charging petitioner with possessing and smuggling marihuana.

On February 23, 1988, a Superintendent's hearing was held in which petitioner denied the charges and claimed that he never knowingly possessed the marihuana. Petitioner requested Correction Officer Robert Gosselin as a witness. Gosselin, who was the officer who processed petitioner upon his return from furlough, testified that he recalled taking petitioner's personal property, preparing a receipt for the various items and placing it all in a bag. He then locked the bag in a locker. Gosselin further testified that he did not search the items prior to putting them in the bag. Following the hearing, petitioner was found guilty of the two charges. Petitioner appealed and the disposition was administratively affirmed. Petitioner then commenced this CPLR article 78 proceeding seeking to annul the administrative determination.

Petitioner's first contention is that the finding that he was in actual or constructive possession of the contraband at the time it was discovered is not supported by substantial evidence. We disagree. The contraband was found in property that petitioner brought with him into the facility and this evidence is sufficient to support the finding that petitioner had possessed the contraband.

Petitioner also contends that he was denied due process as a result of various procedural errors. This issue, however, has not been preserved for our review since petitioner failed to raise it in his administrative appeal (see, Matter of Bates v Coughlin, 145 AD2d 854; see also, Matter of Malik v Coughlin, 133 Misc 2d 245). Moreover, to the extent that petitioner's allegations of error are supported by the record, we find that there was no prejudice to petitioner as a result of the alleged error. Accordingly, we decline to exercise our discretion to review such matters in the interest of justice (see, Matter of Bates v Coughlin, supra, at 855).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.