◼ In the Matter of PHILLIP NIEVES, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

According to the misbehavior report of Correction Officer C. F. Kelly, Jr., on July 17, 1988 petitioner, who was serving one year in the special housing unit (hereinafter SHU) at Great Meadow Correctional Facility in Washington County, called Kelly to his cell and stated: "I know you helped set me up. * * * It don't matter to me, I'll do a year in the box and then

come out strong on you!" As a consequence of this statement, petitioner was charged with violating, *inter alia,* State-wide rule 102.10 (7 NYCRR 270.1 [b] [3]), which prohibits threats. After a hearing, petitioner was found guilty of the charge of making a threat and a penalty of 60 additional days' SHU time, together with the loss of privileges for 60 days and two months of good time, was imposed. After the determination was affirmed administratively, this CPLR article 78 proceeding ensued and has been transferred to this court for resolution.

We confirm. State-wide rule 102.10 provides, "Inmates shall not, under any circumstances, make any threat, spoken, in writing, or by gesture" (7 NYCRR 270.1 [b] [3]). While petitioner is correct in pointing out the prospective nature of his statement to Kelly, this characteristic of his remark does not make the effect of his statement, that he would "come out strong", any less a threat. Indeed, when petitioner's comment is juxtaposed against his history of violence, including murder in the second degree and four disciplinary proceedings involving assault, that portion of his remark that he would "come out strong" clearly indicates an intent to injure Kelly in retribution for his role in a prior disciplinary hearing that resulted in petitioner receiving a year in SHU.

Furthermore, petitioner's contention that the statement was "mere idle talk or jest" was not made at the hearing. Thus, this argument is waived and cannot be raised in this proceeding *(see, e.g., Matter of Abrams v Coughlin,* 150 AD2d 931, 932). In any event, petitioner's argument that the remarks were made in jest is unbelievable since they were made immediately after petitioner accused Kelly of fabricating the disciplinary charges leading to his confinement in SHU. The subject remark was not made in an atmosphere conducive to jest. Accordingly, there is substantial evidence to support the determination.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.