■ In the Matter of Dean Scott, Petitioner, v Glenn S. Goord, as Commissioner of the Department of Correctional Services, Respondent. [709 NYS2d 634] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of smuggling and theft after it was determined that he stole food from the mess hall. It was alleged that petitioner, who worked cleaning the mess hall garbage cans, concealed food in them under their liners. At the tier III hearing, a Deputy Superintendent testified that while conducting a disciplinary hearing in another matter, he learned that petitioner was involved in the smuggling of food from the mess hall. A correction officer also testified at the hearing that petitioner was the only prisoner responsible for cleaning garbage cans and was observed performing this activity on the evening in question when 70 pounds of rice was found in a can. This direct testimony of the correction officer, coupled with the detailed hearsay testimony of the Deputy Superintendent (which we find was sufficiently relevant and probative [see, Matter of Nina v Coughlin, 191 AD2d 942, lv denied 82 NY2d 651]), constitutes substantial evidence to support the determination. Even though the other inmates who were also charged with smuggling food did not completely corroborate the Deputy Superintendent's testimony, this presented a credibility determination for the Hearing Officer to resolve (see, Matter of Foster v Coughlin, 76 NY2d 964).

Further, we reject petitioner's claim that his right to practice religion was violated. As a result of being found guilty, petitioner was placed on 30 days' loss of special events, a punishment which he argues impermissibly deprived him of his ability to attend Muslim services. This issue, however, is unpreserved for our review since petitioner failed to raise it in his administrative appeal (*see, Matter of Abrams v Coughlin*, 150 AD2d 931).

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.