■ In the Matter of MIGUEL MARTINEZ, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [711 NYS2d 345] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III hearing, petitioner, a prison inmate, was found guilty of drug use after two urinalysis tests indicated positive results for the presence of opiates. After his administrative appeal was unsuccessful, petitioner commenced this CPLR article 78 proceeding. We confirm.

The misbehavior report, the testimony adduced at the hearing and the two positive urinalysis test results indicating the presence of opiates provide substantial evidence supporting the determination of petitioner's guilt (*see, Matter of Bacchi v Lacy*, 267 AD2d 524; *Matter of Rodriguez v Coombe*, 249 AD2d 655). Petitioner's complaints regarding the chain of custody of his urine sample are rejected (*see, Matter of Mendez v Selsky*, 255 AD2d 858). The correction officer responsible for collecting the sample testified that he watched as petitioner gave the sample and placed it in the refrigerator under the correction officer's supervision. The chain of custody report indicates that the correction officer who tested the sample removed it from the refrigerator and tested it at 9:49 A.M. and 10:08 A.M. and that the results of both tests were positive.

Petitioner's defense to the charge, i.e., that he had taken the medications which caused a false-positive result, was refuted by the testimony of an experienced correction officer and a registered nurse that none of petitioner's medications would cause a false-positive reading for opiates (*see, Matter of Hernandez v McGinnis*, 251 AD2d 769). This conflict in testimony presented a credibility issue which the Hearing Officer was free to resolve against petitioner (*see, Matter of Juzwa v Goord*, 264 AD2d 920). We also reject petitioner's claim that he was denied his right to call witnesses. The record adequately establishes that the testimony of the witness petitioner

requested would have been redundant to that supplied by other witnesses (see, *Matter of Rodriguez v Coombe, supra*). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mercure, J. P., Crew III, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.