■ In the Matter of ANDRE RIVERA, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [715 NYS2d 914] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding chal-

lenging the determination finding him guilty of violating the prison disciplinary rule prohibiting the unauthorized use of a controlled substance. Contrary to petitioner's assertion, the misbehavior report and testimony adduced at the hearing, together with the positive results of two urinalysis tests indicating the presence of opiates, provide substantial evidence to support the determination of guilt (*see, Matter of Martinez v New York State Dept. of Correctional Servs.*, 273 AD2d 663).

Furthermore, petitioner has failed to establish any prejudice resulting from the absence of a notation on the urinalysis test form that he was taking medications. Moreover, petitioner's assertion that the medication he was taking caused false-positive results was fully explored and belied by the testimony of the correctional facility nurse and a representative of the SYVA corporation (*see, Matter of Aviles v Selsky*, 264 AD2d 883, 884; *Matter of Hernandez v McGinnis*, 251 AD2d 769). We have examined petitioner's remaining contentions, including that he was denied the right to call relevant witnesses and his claim of Hearing Officer bias, and find them to be either without merit or unpreserved for our review.

Cardona, P. J., Spain, Carpinello, Graffeo and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.