■ In the Matter of CAMILO INFANTE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [748 NYS2d 885] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Green Haven Correctional Facility in Dutchess County, was charged in a misbehavior report with

---

possession of drugs after a strip search revealed 2.8 grams of heroin hidden in his underwear. After a disciplinary hearing, petitioner was found guilty and, upon administrative appeal, the Commissioner of Correctional Services affirmed the decision. Petitioner commenced this CPLR article 78 proceeding, contending that the hearing was not timely commenced, a proper chain of custody was not established for the drugs and the testing of the drugs was improperly done. We find no merit to any of these contentions.

Initially, 7 NYCRR 251-5.1 provides that a prison disciplinary hearing must be conducted within seven days of the writing of the misbehavior report. However, in calculating that period, the day the report is written is excluded (*see* General Construction Law § 20; *Matter of Carrelero v Goord*, 284 AD2d 679, 679; *Matter of Afrika v Edwards*, 160 AD2d 1212, 1212). Here, the incident occurred on March 12, 2001 and the hearing was timely commenced on March 19, 2001.

Moreover, we find unpersuasive petitioner's claim that the chain of custody was inadequately documented. The misbehavior report states that the correction officer who found the drugs placed them in the contraband room, and the officer testified that the drugs were not out of his presence until he turned them over to the officer who tested them. In addition, the test request form indicated when the drugs were turned over to the testing officer, when the test was performed and when the drugs were returned to the contraband room. Therefore, we find the chain of custody to be sufficiently documented (*see* *Matter of Martinez v New York State Dept. of Correctional Servs.*, 273 AD2d 663, 663, *lv denied* 95 NY2d 763; *Matter of Juzwa v Goord*, 264 AD2d 920, 921).

Likewise, we reject petitioner's challenge to the procedure used to test the drugs. Our review of the record discloses that the correction officers properly adhered to the drug testing regulation (*see* 7 NYCRR 1010.4). Contrary to petitioner's contention, the regulation does not require that a second, confirmatory test be performed on suspected substances (*see* *Matter of Spulka v Murphy*, 276 AD2d 986, *lv denied* 96 NY2d 703). Under the circumstances, we finally conclude that substantial evidence of petitioner's guilt was presented at the disciplinary hearing and, therefore, the determination under review is confirmed.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.