*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016                521085
_____

In the Matter of BENJAMIN
    GARROW,
                    Petitioner,

        v
                                    MEMORANDUM  AND  JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                    Respondents.
_____

Calendar Date:  June 6, 2016

Before:  Peters, P.J., McCarthy, Rose, Devine and Mulvey, JJ.

                    _____

        Benjamin Garrow, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondents.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        During an interview with a correction officer regarding a
complaint that petitioner had filed, petitioner accused other
correction officers of discussing his crimes of conviction with
inmates and threatened to inflict serious harm upon a particular
correction officer, prompting prison staff to place petitioner
within mechanical restraints and secure him within a holding pen.
Thereafter, petitioner was charged in a misbehavior report with
making threats and conduct involving threats of violence.

Following a tier III disciplinary hearing, petitioner was found guilty of the charges.  On administrative appeal, that determination was upheld.  This CPLR article 78 proceeding ensued.

We confirm.  The detailed misbehavior report and the hearing testimony of the correction officer who was involved in the incident and authored that report constitute substantial evidence supporting the determination of guilt (see Matter of Toney v Goord, 26 AD3d 613, 614 [2016]; Matter of Bookman v Fischer, 99 AD3d 1127, 1128 [2012]).  Petitioner's claim that the author of the misbehavior report testified falsely at the hearing and that the report was written in retaliation for a grievance that petitioner had previously filed presented credibility issues for the Hearing Officer to resolve (see Matter of Clark v Fischer, 120 AD3d 1468, 1469 [2014], lv denied 24 NY3d 912 [2015]; Matter of Fowler v Fischer, 106 AD3d 1344, 1345 [2013], lv denied 21 NY3d 865 [2013]).  In addition, we are unpersuaded by petitioner's contention that the hearing was not timely commenced.  Where an inmate is confined in a special housing unit pending a disciplinary hearing, the hearing must commence within seven days (see 7 NYCRR 251-5.1 [a]), although the day from which the reckoning is made is excluded from the calculation (see General Construction Law § 20).  As the record establishes that the incident occurred, the misbehavior report was prepared and petitioner was confined on September 11, 2014, and the hearing commenced on September 18, 2014, the hearing was commenced within the required seven days (see 7 NYCRR 251-5.1 [a]; Matter of Rush v Bezio, 79 AD3d 1548, 1549 [2010]; Matter of Infante v Selsky, 299 AD2d 612, 613 [2002]).  We have considered petitioner's remaining arguments and find that they are either unpreserved for our review or are lacking in merit.

Peters, P.J., McCarthy, Rose, Devine and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court