■ In the Matter of Carl Dushain, Petitioner, v Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent. [56 NYS3d 486]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Upon completing his commissary work assignment, a pat frisk of petitioner revealed four packages of Barcelona Health Mix hidden in petitioner's boots. As a result, petitioner was charged in a misbehavior report with possessing stolen property and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.

Initially, respondent concedes, and we agree, that substantial evidence does not support the finding that petitioner was guilty of the charge of possessing stolen property. Accordingly, we annul that part of the determination. Given that no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a reassessment of the penalty (*see Matter of McBride v Annucci*, 142 AD3d 1218, 1219 [2016]; *Matter of Chisholm v Annucci*, 135 AD3d 1279, 1279 [2016]). To the extent that petitioner challenges the evidence presented in support of the remaining charge of smuggling, the misbehavior report, hearing testimony, contraband receipt and photograph of the contraband provide substantial evidence to support the determination of guilt (*see Matter of Accardi v Goord*, 34 AD3d 945, 946 [2006]; *Matter of Rivera v Goord*, 16 AD3d 788, 788 [2005]; *Matter of Scott v Goord*, 272 AD2d 704, 704 [2000]).

Turning to petitioner's procedural contentions, we reject his claim that the hearing was not timely commenced. Where an inmate is confined pending a disciplinary hearing, the hearing must commence within seven days (*see* 7 NYCRR 251-5.1 [a]), "although the day from which the reckoning is made is excluded from the calculation" (*Matter of Garrow v Annucci*, 141 AD3d 1046, 1047 [2016], citing General Construction Law § 20). As the record establishes that the incident occurred, the misbehavior report was prepared and petitioner was confined on February 29, 2016, and the hearing commenced on March 7, 2016, the hearing was commenced within the required seven days (*see* 7 NYCRR 251-5.1 [a]; *Matter of Infante v Selsky*, 299 AD2d 612, 613 [2002]; *cf. Matter of Macedonio v Annucci*, 142 AD3d 1215, 1215-1216 [2016]). Inasmuch as the disposal, prior to the hearing, of the opened and perishable food items that were confiscated was done for reasons of hygiene, we reject petitioner's contention that he was denied the right to present a defense, especially where, as here, the Hearing Officer provided petitioner with an opportunity to view a photograph of the contraband prior to the conclusion of the hearing (*see Matter of Tafari v Selsky*, 77 AD3d 991, 991 [2010], *lv denied* 16 NY3d 706 [2011]). Petitioner's remaining contentions have been examined and found to be without merit.

Peters, P.J., McCarthy, Lynch, Mulvey and Aarons, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing stolen property; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.