OPINION OF THE COURT
Memorandum.
Judgments of conviction unanimously reversed, on the law, fines remitted and accusatory instruments dismissed.
The defendants entered pleas of guilty to section 13-34 (a) of the Code of Ordinances of the City of Long Beach in satisfaction of all outstanding charges upon a determination that such provision was constitutional and, after sentencing, appealed from said judgments of conviction.
Section 13-34(a) of the Code of Ordinances of the City *441 of Long Beach requires a grantee to obtain a certificate of compliance from the building inspector within 60 days after the transfer of title. The application for a certificate of compliance contains a section wherein an applicant is requested to consent to an inspection of the premises. Since a certificate of compliance signifies that the premises complies with all applicable laws it is apparent that such a certificate would not be issued without an inspection. In view of the foregoing, it is this court’s opinion that section 13-34(a) of the Code of Ordinances of the City of Long Beach is unconstitutional as it subjects the grantees to criminal penalties for the failure to permit a warrantless search (see Camara v Municipal Ct., 387 US 523; See v City of Seattle, 387 US 541; Marshall v Barlow’s Inc., 436 US 307; Michigan v Tyler, 436 US 499; cf. Colonnade Corp. v United States, 397 US 72; United States v Biswell, 406 US 311; cf., also, Loventhal v City of Mount Vernon, 51 AD2d 732).
Concur: Pittoni, J. P., Slifkin and O’Gorman, JJ.