■ In the Matter of RONALD ALVAREZ, Appellant, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [649 NYS2d 836] —Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered November 15, 1995 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

After two urinalysis tests performed on a sample of petitioner's urine proved positive for the presence of cannabinoids, petitioner was charged with violating a prison disciplinary rule prohibiting inmates from using controlled substances. A hearing ensued at which petitioner denied use of any controlled substance and attributed the positive test results to either his consumption of ibuprofen and/or improper testing procedures by correction officials. After being found guilty as charged, petitioner commenced the instant CPLR article 78 proceeding challenging the determination on the grounds that it is not supported by substantial evidence, that correction officials' failure to follow proper testing procedures invalidated the test results and that he was denied his right to call a certain witness on his behalf. Supreme Court dismissed the petition and petitioner now appeals. We affirm.

The misbehavior report, results of the two positive urinalysis tests and testimony of correction officials who collected and tested petitioner's urine specimen provide substantial evidence supporting the administrative determination (*see, Matter of Lahey v Kelly*, 71 NY2d 135, 138). Moreover, there was evidence in the record that ibuprofen would not have produced a positive result for cannabinoids. Furthermore, contrary to petitioner's assertions, the evidence also reveals that the correction officials who administered the tests reasonably complied with all regulatory testing procedures (*see, Matter of Frazier v Coombe*, 224 AD2d 794). Finally, since the five witnesses petitioner requested did in fact provide testimony at the hearing and were questioned by petitioner, we reject petitioner's claims that he was deprived of his right to call and confront witnesses.

Cardona, P. J., Mikoll, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.