■ In the Matter of PAUL FAISON, Respondent, v GLENN S. GOORD et al., Appellants. [751 NYS2d 224] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Correctional Services, dated June 1, 1999, which affirmed the determination of a Hearing Officer, dated April 4, 1999, made after a tier III disciplinary hearing, finding that the petitioner violated prison disciplinary rules, the appeal is from a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated April 25, 2000, which annulled the determination and directed that all references to the offense be expunged from the petitioner's records.

Ordered that the judgment is reversed, without costs or disbursements, and the determination is reinstated.

The Supreme Court improperly concluded that a determination affirming a disciplinary determination following a tier III disciplinary hearing should be annulled because the hearing was untimely. Contrary to the Supreme Court's determination, the first extension of time to complete the hearing, granted pursuant to 7 NYCRR 251-5.1 (b), was valid. The 14th day following the writing of the inmate misbehavior report was a Sunday. Thus, the grant of an extension on the 15th day was timely (see General Construction Law § 25-a; Maldonado v Coughlin, 150 AD2d 692, 693). The Supreme Court also improperly determined that the appellant failed to obtain an-

other extension to complete the hearing. This issue was not raised by the petitioner in the administrative appeal or in his petition, and therefore was not properly before the Supreme Court. Altman, J.P., Krausman, Schmidt and Crane, JJ., concur.