In the Matter of HENRY J. JAMES, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [812 NYS2d 713]—

Appeal from a judgment of the Supreme Court (Spargo, J.), entered December 13, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

After asking a correction officer to unlock his cell, petitioner refused the officer's directives to move away from the officers' cage and down the gallery, and used profane language. He was then escorted by the officer back to his cell and, once inside, attempted to strike the officer in the face. Petitioner was charged in a misbehavior report with refusing a direct order, assaulting staff, creating a disturbance, interfering with an employee and violating facility lock-in procedures. He was found guilty of the charges following a tier III disciplinary hearing. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. We find no merit to petitioner's claim that he was denied due process because he did not receive adequate employee assistance. Although the assistant initially failed to provide petitioner with all the information he requested, the hearing officer cured the defect by adjourning the hearing to al-

low the assistant to gather that information to which petitioner was entitled and by providing it to petitioner when the hearing reconvened (*see Matter of Lunney v Goord,* 24 AD3d 1135, 1136 [2005]; *Matter of Ellison v Goord,* 274 AD2d 800, 801 [2000]). Petitioner was not prejudiced by the hearing officer's decision to call witnesses upon reconvening the hearing inasmuch as he was permitted to recall witnesses after reviewing the information.

Petitioner's claim that the hearing was not completed in a timely manner is similarly unavailing. Pursuant to 7 NYCRR 251-5.1 (b), a hearing must be completed within 14 days of the writing of the misbehavior report, unless otherwise authorized. Excluding the date the misbehavior report was written (*see Matter of Lam Trang v Goord,* 283 AD2d 816, 817 [2001]) and the holiday upon which the 14th day fell (*see* General Construction Law § 25-a [1]; *see e.g. Matter of Faison v Goord,* 298 AD2d 392, 392 [2002], *lv denied* 99 NY2d 510 [2003]), the last day to complete the hearing was October 14, 2003. The hearing officer, however, obtained a three-day extension on that day due to the unavailability of witnesses caused by the holiday and the hearing concluded on the last day of the extension. Therefore, it was completed in a timely manner (*see Matter of Sow v Selsky,* 7 AD3d 903, 904 [2004]). In any event, petitioner has not demonstrated prejudice (*see Matter of Joyce v Coughlin,* 219 AD2d 777 [1995]). We have considered petitioner's remaining procedural claims and find them to be unpersuasive.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.