■ In the Matter of MARK HARRIS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [812 NYS2d 389]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for cannabinoids. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.*

We confirm. We find no merit to petitioner's claim that he was denied his due process right to adequate employee assistance. The assistant neglected to provide some of the documents requested because they were inaccurately referenced by

---

* Although the proceeding was properly transferred to this Court because the petition raised a question of substantial evidence, that issue has since been abandoned as it is not addressed in petitioner's brief (see Matter of Quezada v Goord, 19 AD3d 964, 965 n [2005]).

petitioner. Nevertheless, the hearing officer remedied any defects by providing most of the documents to petitioner and adjourning the hearing to give him an opportunity to review them, thereby alleviating any prejudice (*see Matter of Lovett v Goord,* 26 AD3d 563, 564 [2006]; *Matter of May v Selsky,* 291 AD2d 591, 592 [2002]). While petitioner's medical records were relevant to his defense that his use of ibuprofen caused a false positive test result, the hearing officer's failure to consider them was harmless given that this defense has been rejected under similar circumstances (*see Matter of Alvarez v Coombe,* 233 AD2d 646, 647 [1996]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.