■ In the Matter of TAIWU JENKINS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [858 NYS2d 447]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, it was determined that petitioner had slashed another inmate on the face and,

consequently, he was found guilty of assault and engaging in violent conduct. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding seeking annulment ensued.

We confirm. The determination of guilt is supported by substantial evidence including the misbehavior report and related documentation, together with the confidential testimony considered by the Hearing Officer in camera (*see Matter of Reddick v Goord*, 43 AD3d 503, 503 [2007]). Petitioner's denial of the allegations created a credibility issue for resolution by the Hearing Officer (*see Matter of Adorno v Goord*, 35 AD3d 930, 931 [2006]). Regarding petitioner's assertion that the Hearing Officer was biased, it is neither substantiated in the record nor is there any indication that the determination flowed from any alleged bias (*see Matter of Kirby v Leclaire*, 47 AD3d 1174, 1175 [2008]). As for petitioner's allegation that he was denied adequate employee assistance, any defects were cured by the Hearing Officer during the hearing (*see Matter of Moretti v Selsky*, 46 AD3d 1049, 1050 [2007]). We have reviewed petitioner's remaining contentions, including his claims that the misbehavior report was deficient and the Hearing Officer failed to independently assess the reliability of the confidential informant, and find them to be without merit.

Cardona, P.J., Carpinello, Rose, Lahtinen and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.