■ In the Matter of LEONIDAS SIERRA, Petitioner, v KEITH DUBRAY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [871 NYS2d 473]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting the use of a controlled substance after his urine twice tested positive for the presence of cannabinoids. Following a tier III disciplinary hearing, petitioner was found guilty and a penalty was imposed. Petitioner's administrative appeal proved unsuccessful, prompting him to commence this proceeding pursuant to CPLR article 78 to challenge the determination of guilt.

Contrary to petitioner's assertion, the misbehavior report was sufficient to afford petitioner notice of the charges against him (*see Matter of Nova v Selsky*, 54 AD3d 453, 454 [2008]). Further, the testimony of the correction officer who performed the urinalysis, together with the positive test results and related documentation, provide substantial evidence of petitioner's guilt (*see Matter of Livingston v Fischer*, 52 AD3d 1152, 1153 [2008], *lv denied* 11 NY3d 707 [2008]). Petitioner's testimony that he did not provide a urine sample on the day in question and must have been misidentified by facility personnel raised a credibility issue for the Hearing Officer to resolve (*see Matter of Young v Selsky*, 32 AD3d 598 [2006]). Finally, given that this incident apparently represents petitioner's seventh drug-related disciplinary offense, we do not find the penalty imposed (18 months in the special housing unit with six months suspended) to be unduly harsh.

Turning to the asserted procedural issues, the record reflects that the various extensions granted were secured either to obtain the testimony of requested witnesses or to afford petitioner additional time to prepare for the hearing. Accordingly, we reject petitioner's contention that the extensions were improperly granted. Petitioner's claim that the employee assistance he received was inadequate also is unpersuasive. The correction officer requested by petitioner testified at the hearing and, as such, petitioner was not prejudiced by the assistant's failure to interview that officer (*see Matter of Salaam v Goord*, 8 AD3d 776, 777 [2004]; *see also Matter of Davis v Prack*, 58

AD3d 971 [2009] [decided herewith]). Moreover, any deficiencies in the assistance were cured by the Hearing Officer at the disciplinary hearing (*see Matter of Jenkins v Selsky*, 51 AD3d 1239, 1240 [2008]). As for petitioner's assertion that he was denied documentary evidence that would have supported his claims that he was misidentified and his urine sample was mishandled, it was conceded at the hearing that facility staff failed to make certain entries in the relevant log books. Hence, production of the actual log books would have been redundant. To the extent that this argument can be construed as a chain of custody issue, the testimony of the correction officer who conducted the test was sufficient to establish that appropriate procedures were followed. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.