■ In the Matter of SAMUEL DAVIS, Appellant, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [884 NYS2d 269]—

Appeal from an amended judgment of the Supreme Court (Rumsey, J.), entered October 2, 2008 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

While being walked back to his cell, petitioner pushed the correction officer who was escorting him into a wall. He was physically restrained by the officer, but continued to struggle and initially refused the officer's directive to stop resisting. As a result, petitioner was charged in a misbehavior report with engaging in violent conduct, assaulting staff and refusing a direct order. About an hour after this incident, another correction officer was removing petitioner's waist chain when petitioner struck the officer in the head with his handcuffs and

broke the officer's glasses. Petitioner was charged in a second misbehavior report with engaging in violent conduct and assaulting staff. Thereafter, a tier III disciplinary hearing encompassing both misbehavior reports was conducted. At the conclusion of the hearing, petitioner was found guilty of all of the charges and the determination was later upheld on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the determination, which was dismissed by Supreme Court. Petitioner now appeals.

Initially, we find no merit to petitioner's claim that he was denied adequate employee assistance because his assistant failed to provide him with certain requested documentation prior to the hearing. The record reflects that the assistant failed to provide such documentation because it was not available. Notably, the Hearing Officer obtained the documentation during the course of the proceeding and gave petitioner an opportunity to review it, thereby curing any defect (*see Matter of Parkinson v Selsky*, 49 AD3d 985, 986 [2008]; *Matter of Harris v Selsky*, 28 AD3d 982, 983 [2006]). Petitioner's assertion that the hearing was not completed in a timely manner is similarly unavailing. Excluding the date that the misbehavior reports were prepared from the limitations period of 7 NYCRR 251-5.1 (*see Matter of Vasquez v Goord*, 14 AD3d 903, 904 [2005]), an extension to complete the hearing was obtained within 14 days and the hearing was completed within the time period provided for in the extension (*see* 7 NYCRR 251-5.1 [b]; *Matter of McKinley v Goord*, 44 AD3d 1164 [2007]; *Matter of James v Goord*, 28 AD3d 885, 886 [2006]). As to petitioner's claim that he was improperly denied the right to call certain witnesses, we note that he waived his right to call the author of one of the misbehavior reports by specifically withdrawing his request at the hearing (*see Matter of Davis v Girdich*, 20 AD3d 788, 789 [2005], *lv denied* 5 NY3d 715 [2005]), and the testimony of his assistant would have been redundant under the circumstances presented here (*see Matter of Allah v Leclaire*, 51 AD3d 1173, 1174 [2008]). Petitioner's remaining contentions, to the extent they are properly before us, have been considered and are lacking in merit.

Peters, J.P., Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered that the amended judgment is affirmed, without costs.