■ In the Matter of BASHEEN RUSH, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [917 NYS2d 327]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was told to leave the mess hall because his name did not appear on a list of inmates who were authorized to be there when "special diet" meals were served. He began arguing with the correction officer escorting him from the mess hall, who subsequently authored a misbehavior report charging petitioner with creating a disturbance, making threats, refusing a direct order, violating mess hall policies and being out of place. Following a tier III disciplinary hearing, petitioner was found guilty of all but the latter charge. That determination was upheld on administrative appeal, with a downward modification of the penalty assessed. This CPLR article 78 proceeding ensued.

We confirm. Petitioner's assertion that he was denied the right to call certain witnesses is belied by the record. Indeed, a civilian cook, a physician and the facility's food service

administrator all testified in support of petitioner's claim that he had an onion allergy. A correction officer who opened petitioner's cell and allowed him to go to the mess hall testified similarly. As a result, petitioner was found not guilty of being out of place and the Hearing Officer properly concluded that further testimony with respect to petitioner's diet would be redundant (*see Matter of Brown v Taylor*, 62 AD3d 1230, 1231 [2009]).

However, the remaining charges involve petitioner's behavior while being escorted from the mess hall by the correction officer who—notwithstanding the foregoing—had correctly ascertained that petitioner was not on the special diet roster on the day of the incident. In this regard, an inmate witness testified that petitioner refused to leave the mess hall and pushed the correction officer. A correction sergeant likewise observed petitioner turn around near the entrance to the mess hall and aggressively confront the author of the misbehavior report. Such testimony, along with the misbehavior report itself, constitutes substantial evidence supporting the finding of guilt (*see Matter of James v Fischer*, 58 AD3d 981 [2009]; *Matter of Rodriguez v Selsky*, 50 AD3d 1337, 1337 [2008]).

Petitioner's remaining procedural challenges are similarly unavailing. He contends that the hearing was not timely commenced or completed. With regard to these calculations, the day the misbehavior report is completed is excluded (*see Matter of Davis v Prack*, 63 AD3d 1457, 1458 [2009]; *Matter of Infante v Selsky*, 299 AD2d 612, 613 [2002]). Here, the misbehavior report was prepared on July 24, 2009 and the hearing commenced on July 30, 2009, clearly within the required seven days (*see* 7 NYCRR 251-5.1 [a]). As to completion, a timely extension was obtained on August 7, 2009 (*see* 7 NYCRR 251-5.1 [b]) and further extensions were granted on August 12, 2009 and August 18, 2009. The hearing ended within the time provided for in the final extension (*see Matter of McKinley v Goord*, 44 AD3d 1164 [2007]). Moreover, each of the extensions was necessary to obtain the testimony of requested witnesses (*see generally Matter of Sierra v Dubray*, 58 AD3d 970, 970 [2009]).

Next, petitioner has failed to demonstrate that he was prejudiced by any purported deficiencies in the misbehavior report, including that it was typed*—rather than handwritten—and not endorsed by all of the correction officers who witnessed the incident (*see Matter of West v Costello*, 270 AD2d 673, 674 [2000]). Finally, we are satisfied that petitioner received

---

* The misbehavior report is signed and was prepared on the day the incident occurred (*see* 7 NYCRR 251-3.1).

adequate assistance and a fair and impartial hearing; there is no evidence of Hearing Officer bias (see Matter of Hayes v Fischer, 70 AD3d 1085, 1086 [2010]).

To the extent petitioner's remaining arguments are properly before us, they have been reviewed and determined to be without merit.

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.