# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1093**

**CA 11-00089**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE APPLICATION OF CITY OF
ROCHESTER FOR AN "INSPECTION WARRANT" TO INSPECT
449 CEDARWOOD TERRACE, CITY OF ROCHESTER, COUNTY
OF MONROE, STATE OF NEW YORK.
------------------------------------------------ MEMORANDUM AND ORDER
JILL CERMAK AND BRUCE HENRY, APPELLANTS,

V

CITY OF ROCHESTER, RESPONDENT.
(APPEAL NO. 1.)

---

DAVIDSON FINK LLP, ROCHESTER (MICHAEL A. BURGER OF COUNSEL), FOR
APPELLANTS.

JEFFREY EICHNER, ACTING CORPORATION COUNSEL, ROCHESTER (IGOR SHUKOFF
OF COUNSEL), FOR RESPONDENT.

DIBBLE & MILLER, P.C., ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR
NEW YORK STATE COALITION OF PROPERTY OWNERS & BUSINESSES, INC., AMICUS
CURIAE.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered February 8, 2010. The order, inter alia, denied the challenge to Local Law No. 3 of the City of Rochester and ordered a hearing on the application for a judicial warrant for inspection.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: The first proceeding at issue in these appeals pertains to property at 449-451 Cedarwood Terrace in respondent City of Rochester (City). Jill Cermak is the tenant residing on the second floor of that property, and Bruce Henry is the owner. The second proceeding at issue pertains to property at 187 Clifton Street in the City, and Florine Nelson and Walter Nelson are the tenants residing in that single-family dwelling. The City requires that such rental properties have a valid certificate of occupancy (CO), which must be renewed every six years (*see* Rochester City Code § 90-16 [G] [1] [a]). The City must inspect a rental property to issue or renew a CO and, for several years, Cermak, Henry and the Nelsons (collectively, appellants) have refused to allow the City's inspectors to access the properties in order to determine if there are any code violations. In

March 2009, the City enacted Local Law No. 3, which amended the Charter of the City of Rochester (City Charter) to establish a procedure for issuing judicial warrants for inspections of premises (inspection warrants) in cases where the City has failed to obtain the cooperation of the homeowners or tenants (*see* City Charter § 1-9). After the City again made unsuccessful attempts to obtain permission to inspect the subject properties, it applied to Supreme Court to obtain an inspection warrant with respect to each property.

In appeal No. 1 in the first proceeding, Cermak and Henry appeal from the order that, inter alia, denied their challenge to Local Law No. 3. In appeal No. 2, Cermak and Henry appeal from an order, entitled "judicial warrant for inspection," authorizing the City to inspect the property at 449-451 Cedarwood Terrace. In appeal No. 1 in the second proceeding, the Nelsons appeal from the order that, inter alia, denied their challenge to Local Law No. 3. In appeal No. 2, they appeal from an order, entitled "judicial warrant for inspection," authorizing the City to inspect the property at 187 Clifton Street. The issues raised by appellants in each of the appeals are, with one exception, identical.

Appellants contend that the inspection warrants are invalid because they did not comply with article 690 of the Criminal Procedure Law and that article 690 preempts the law of search and seizure, thereby precluding the City from enacting the inspection warrant procedures contained in Local Law No. 3. We reject that contention. "A local law may be ruled invalid as inconsistent with State law not only where an express conflict exists between the State and local laws, but also where the State has clearly evinced a desire to preempt an entire field[,] thereby precluding any further local regulation" (*Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d 91, 96-97). There is nothing in article 690 expressly governing administrative search warrants, nor is there anything suggesting that article 690 was intended to preempt local governments from enacting laws governing such warrants.[1]

Appellants further contend that the inspection warrants violate their rights under the Fourth Amendment of the United States Constitution. In *Camara v Municipal Ct. of City & County of San Francisco* (387 US 523, 537-538), the Supreme Court determined that an area inspection of private property conducted pursuant to an administrative search warrant for purposes of determining compliance with rules governing public health and safety, e.g. building codes, could be accomplished in a manner that was consistent with the rights protected by the Fourth Amendment. Notably, appellants do not contend that the subject inspection warrants are inconsistent with the principles enunciated in *Camara*. Instead, they contend that the Supreme Court's discussion of the standards for administrative warrants is merely dictum because *Camara* involved a local law that

---

[1] Our decision herein should not be construed as determining whether a local government could enact laws governing search and seizure by police conducting criminal investigations.

made it unlawful to refuse a warrantless inspection (*see id.* at 526-527).  We reject that contention.  Based on the record before us, we cannot conclude that the City violated the Fourth Amendment with respect to either the procedures involved in issuing inspection warrants in general or the scope of the subject inspection warrants in particular.  Moreover, we see no basis for imposing a higher standard with respect to the rights in question under the New York State Constitution (*see generally* NY Const, art I, § 12; *Sokolov v Village of Freeport*, 52 NY2d 341, 348 n 2).

Appellants contend that Local Law No. 3 deprives tenants of their right to equal protection of the law because only tenants and not homeowners are subject to inspections of their homes.  We reject that contention.  State and local governments are given "a wide scope of discretion in enacting laws [that] affect some groups differently than others, and a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it" (*Lighthouse Shores v Town of Islip*, 41 NY2d 7, 13).  Here, there is a valid public policy basis for treating residential property differently based on whether the occupants are renters or homeowners.

With respect to appeal No. 1 in the first proceeding, we conclude that the court properly denied the motion of Cermak and Henry to suppress the results of a May 2009 inspection of the first-floor apartment at 449-451 Cedarwood Terrace, which was occupied by a tenant who is not a party to the proceeding and who apparently consented to the inspection.  Both Cermak and Henry lack standing to challenge that inspection (*see generally People v Shire*, 77 AD3d 1358, 1359-1360, *lv denied* 15 NY3d 955).

We have reviewed appellants' remaining contentions in each appeal and conclude that they are without merit.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court