# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1169**
**CA 12-00850**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF DEBORAH BURNS AND BRUCE HENRY,
PETITIONERS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

CARLOS CARBALLADA, IN HIS OFFICIAL CAPACITY AS
COMMISSIONER OF NEIGHBORHOOD AND BUSINESS
DEVELOPMENT OF CITY OF ROCHESTER, AND CITY OF
ROCHESTER, RESPONDENTS-APPELLANTS.

---

ROBERT J. BERGIN, CORPORATION COUNSEL, ROCHESTER (ADAM M. CLARK OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

SANTIAGO BURGER ANNECHINO LLP, ROCHESTER (MICHAEL A. BURGER OF
COUNSEL), FOR PETITIONERS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Thomas A. Stander, J.), entered July 7, 2011 in a proceeding pursuant
to CPLR article 78. The judgment granted the petition.

It is hereby ORDERED that the judgment so appealed from is
reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78
proceeding seeking to annul two determinations of the Municipal Code
Violations Bureau (Bureau) of respondent City of Rochester (City),
which separately found them guilty of a City Code violation set forth
in appearance tickets, i.e., owning property that was occupied without
a valid Certificate of Occupancy (CO) in violation of City Code § 90-
16 (A) (2) (d). That provision provides that a CO must be obtained
within a period of 90 days prior to the expiration or termination of
an existing CO.

In their petition, petitioners sought annulment of the
determinations "on the grounds that [their] convictions violate the
Fourth Amendment and Article 1 section 12 of the New York
Constitution, unlawfully deprive [p]etitioners of the beneficial
enjoyment of their property and the right to derive income therefrom,
and are therefore in violation of lawful procedure, affected by an
error of law and were arbitrary and capricious." While petitioners
had also argued before the Bureau that the appearance tickets should
be dismissed on the ground that they did not sufficiently allege their
commission of an offense for which a fine may be imposed, they failed
to pursue that argument in their petition.

Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g), but we vacated the order of transfer and remitted the matter to that court because we concluded that the petition did not raise a substantial evidence issue (*Matter of Burns v Carballada,* 79 AD3d 1785). Upon remittal, the court granted the petition, holding that the determinations were affected by an error of law and were arbitrary and capricious (*see generally* CPLR 7803 [3]). Specifically, the court held that the appearance tickets were facially insufficient. Respondents now appeal.

We note as an initial matter that our dissenting colleague correctly states that petitioners did not raise a substantial evidence issue in their petition. We therefore conclude that our dissenting colleague erroneously addresses the sufficiency of the evidence at the hearings. Moreover, we agree with respondents that the court erred in annulling the determinations on facial sufficiency grounds inasmuch as petitioners also never raised that contention in their petition (*see Matter of Faison v Goord*, 298 AD2d 392, 392-393, *lv denied* 95 NY2d 510, *rearg denied* 100 NY2d 616; *cf. Matter of Roth v Syracuse Hous. Auth.*, 270 AD2d 909, 909, *lv denied* 95 NY2d 756), and we thus further conclude that our dissenting colleague also erroneously addresses the facial sufficiency of the appearance tickets. Indeed, petitioners state in their brief that they agree with respondents that the appearance tickets were, in fact, facially sufficient.

Petitioners contend, however, that the judgment should nevertheless be affirmed (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546) because, in their view, the City's CO inspection and warrant system is unconstitutional as applied. We note by way of background that, at the time petitioners were issued the relevant appearance tickets, the City required both single-family dwellings not occupied by the owner and all two-family dwellings to have a valid CO that would need to be renewed every six years (*see* City Code § 90-16 [former (G) (1) (a)]). Because the City must inspect a rental property in order to issue or renew a CO, it enacted Local Law No. 3 of 2009, which amended the City Charter to establish a procedure for issuing judicial warrants to inspect premises that are owned or occupied by uncooperative individuals (*see* City Charter § 1-9). We recently rejected a facial constitutional challenge by several tenants and a homeowner to the inspection warrants authorized by Local Law No. 3 of 2009 (*Matter of City of Rochester [449 Cedarwood Terrace]*, 90 AD3d 1480, 1482-1483, *appeal dismissed* 19 NY3d 937), and we now likewise reject petitioners' current as-applied constitutional challenge to those warrants.

Petitioners, correctly noting that a landlord may not be penalized for renting property without first consenting to its warrantless search (*see Sokolov v Village of Freeport*, 52 NY2d 341, 343, 346), contend that their rights under the Fourth Amendment of the United States Constitution and article I, § 12 of the New York Constitution were violated because the City's CO inspection and warrant system prevents them from obtaining a CO without first consenting to a search of their properties. Under the City's

ordinance, however, an inspection can take place either upon consent *or* upon the issuance of a warrant (*see* City Charter § 1-11). On the record before us, petitioners have not shown that they were actually penalized for refusing to allow an inspection inasmuch as there is no evidence that they ever applied for a CO and thereafter refused to consent to the required inspection of their properties.

All concur except MARTOCHE, J., who dissents and votes to affirm in the following Memorandum: I respectfully dissent. My fundamental disagreement with the majority is based on its conclusion that the Municipal Code Violations Bureau (Bureau) of respondent City of Rochester (City) properly found petitioners guilty of owning property that was occupied without a valid Certificate of Occupancy (CO) in violation of the City Code. Although the appearance tickets described the violations as follows: "The subject property is occupied without a valid Certificate of Occupancy," in fact, the tickets issued to petitioners alleged that they violated section 90-16 (A) (2) (d) of the City Code, which provides that a CO must be obtained within a period of 90 days prior to the expiration or termination of an existing CO. As Supreme Court noted in its decision, a footnote in the City Code indicates that a prior provision imposing a penalty for failure to apply for a CO had been repealed. I therefore agree with the court that no language in the City Code section relied upon by the Bureau actually prohibits a property from being *occupied* without a valid CO.

In my view, the majority construes the petition and the arguments in petitioners' brief in an overly restrictive manner. In the petition, petitioners sought to have the determinations annulled on constitutional grounds as well as on the ground that they were "in violation of lawful procedure, affected by an error of law and were arbitrary and capricious." Notably, when the court initially transferred this proceeding to this Court pursuant to CPLR 7804 (g), we vacated the order of transfer and remitted the matter because the petition did not raise a substantial evidence issue (*Matter of Burns v Carballada*, 79 AD3d 1785). We thus necessarily considered the remaining CPLR article 78 claims to be grounds for review of administrative acts, including those asserting that the determinations were affected by an error of law and were arbitrary and capricious. The court, carrying out the mandate on remittitur, specifically held that the Bureau's determinations were without sound basis and reason and were irrational because the City Code section that it relied upon was not actually violated. I cannot conclude that the court erred in reaching that result.

Resolution of this proceeding is complicated by the fact that petitioners do not argue that the determinations were unsupported by substantial evidence, even though, in my view, the City Code permits a person charged with a violation to answer by appearing at a hearing held before a hearing examiner (*see* § 13A-5 [A] [1]), as occurred here. Thus, there having been a "hearing" on the alleged violations, petitioners' challenge to the resulting determinations should have been analyzed under the substantial evidence standard of CPLR 7803 (4). Petitioners, however, elected not to raise a substantial

evidence issue in their petition or in their briefs to this Court, either in the prior transferred proceeding or on the present appeal, and thus have prevented the judicial system from adjudicating this proceeding under the proper legal standard. The court therefore considered upon remittal the only other possible grounds for reviewing the challenged administrative determinations and reached, in my view, a reasonable conclusion that they were arbitrary and capricious because they convicted petitioners in connection with conduct that was neither "charged nor what the conviction [was] based upon."

I would therefore affirm the judgment annulling the determinations.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court