# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**858**

**CA 13-00081**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF CHRISTOPHER CAPPON,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CARLOS CARBALLADA, COMMISSIONER, NEIGHBORHOOD
AND BUSINESS DEVELOPMENT OF CITY OF ROCHESTER,
AS SUCCESSOR TO JULIO VASQUEZ, COMMISSIONER,
COMMUNITY DEVELOPMENT OF CITY OF ROCHESTER,
RESPONDENT-APPELLANT.

---

ROBERT J. BERGIN, CORPORATION COUNSEL, ROCHESTER (ADAM M. CLARK OF
COUNSEL), FOR RESPONDENT-APPELLANT.

SANTIAGO BURGER ANNECHINO LLP, ROCHESTER (MICHAEL A. BURGER OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated judgment and order) of the
Supreme Court, Monroe County (John J. Ark, J.), entered April 18, 2012
in a proceeding pursuant to CPLR article 78. The judgment granted the
petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination that he violated Rochester City
Code § 90-16 (A) (2) (d), which requires owners of rental properties
to obtain a valid certificate of occupancy (CO) within a period of 90
days prior to the expiration or termination of an existing CO.
Supreme Court granted the petition, concluding that the CO code
provisions of the City of Rochester (City) require owners of rental
property to effectively consent to an unconstitutional warrantless
search. We agree with respondent that the court erred in granting the
petition. We therefore reverse the judgment and dismiss the petition.

We have previously upheld as constitutional the City's CO
requirement as well as its procedure for issuing judicial warrants for
inspections of premises in cases where the City has failed to obtain
the consent of the homeowners or tenants (*see Matter of City of
Rochester [449 Cedarwood Terrace]*, 90 AD3d 1480, 1482-1483, *appeal
dismissed* 19 NY3d 937; *Arrowsmith v City of Rochester*, 309 AD2d 1201,
1201-1202). Petitioner concedes that the laws at issue are valid on

their face, but contends that the determination that he violated City Code § 90-16 (A) (2) (d) is unconstitutional because, as a result of the determination, he will be required to consent to a warrantless inspection of his property or risk prosecution and fines. That contention, however, was specifically considered and rejected by this Court in *Matter of Burns v Carballada* (101 AD3d 1610, 1611-1612), which involved facts nearly identical to those herein. The petitioners in *Burns* commenced a CPLR article 78 proceeding seeking to annul two determinations of the Municipal Code Violations Bureau finding that they violated City Code § 90-16 (A) (2) (d), the same provision at issue here, by owning rental property that was occupied without a valid CO (*id.* at 1610). In the *Burns* petition, like the petition in this case, petitioners asserted, inter alia, that the determinations that they failed to comply with the City Code CO provision violated the Fourth Amendment and article I, § 12 of the New York State Constitution (*id.*). Specifically, petitioners contended that the City's CO inspection and warrant system was unconstitutional as applied to them because it prevented them from obtaining a CO without first consenting to a warrantless search of their properties (*id.* at 1611-1612). We rejected that contention and stated that, "[u]nder the City's ordinance, . . . an inspection can take place either upon consent *or* upon the issuance of a warrant (*see* City Charter § 1-11). On the record before us, petitioners have not shown that they were actually penalized for refusing to allow an inspection inasmuch as there is no evidence that they ever applied for a CO and thereafter refused to consent to the required inspection of their properties" (*id.* at 1612).

Here, petitioner was charged by appearance ticket with violating City Code § 90-16 (A) (2) (d) after the CO for a rental property that he owned expired and he failed to renew it. Contrary to the contention of petitioner, he was not penalized for refusing to consent to an inspection of his property (*see Burns*, 101 AD3d at 1612). Although petitioner is correct that the issuance or renewal of a CO requires an inspection of the relevant premises (*see* § 90-16 [G] [1]), the record establishes that petitioner did not apply for a new CO prior to receipt of the appearance ticket and thus the inspection requirement was never triggered. It therefore cannot be said that petitioner was penalized for refusing to consent to an inspection that, in fact, the City never requested (*see Burns*, 101 AD3d at 1612). In any event, section 1-11 of the City Charter specifically provides that "[w]hen applying for a license, permit, certificate or other City approval which calls for an inspection, a person shall have the right to decline to consent to the inspection." The City may then apply for an inspection warrant to conduct the required inspection (*see id.*; *see also Matter of Brockport Sweden Prop. Owners Assn. v Village of Brockport*, 81 AD3d 1416, 1418; *see generally Camara v Municipal Court of the City and County of San Francisco*, 387 US 523, 540).

The cases cited by petitioner are inapposite inasmuch as the ordinances at issue in those cases explicitly or implicitly required property owners to submit to warrantless inspections of their property (*see Sokolov v Village of Freeport*, 52 NY2d 341, 345-346; *Town of Brookhaven v Ronkoma Realty Corp.*, 154 AD2d 665, 666; *People v*

*Northrup*, 106 Misc 2d 440, 441, *mod on other grounds* 53 NY2d 689).
Here, by contrast, the City Code and Charter require *either* owner
consent *or* a judicial warrant to inspect property for code compliance
(*see Burns*, 101 AD3d at 1612; *see also Pashcow v Town of Babylon*, 53
NY2d 687, 688; *McClean v City of Kingston*, 57 AD3d 1269, 1271, *appeal
dismissed* 12 NY3d 848; *Stender v City of Albany*, 188 AD2d 986, 987,
*appeal dismissed* 81 NY2d 1006).

     We further agree with respondent that the court erred in granting
the petition based upon an interpretation of City Charter § 1-23 that
would render that provision unconstitutional.  It is well established
that legislative enactments are afforded a "presumption of
constitutionality," and that reviewing courts must "avoid interpreting
a statute in a way that would render it unconstitutional if such a
construction can be avoided and to uphold the legislation if any
uncertainty about its validity exists" (*Alliance of Am. Insurers v
Chu*, 77 NY2d 573, 585; *see Overstock.com, Inc. v New York State Dept.
of Taxation & Fin.*, 20 NY3d 586, 593; *LaValle v Hayden*, 98 NY2d 155,
161).  Because, as the court itself recognized, there is an "obvious"
constitutional interpretation of the City Charter provision at issue,
the court erred insofar as it granted the petition based upon an
alternative, unconstitutional interpretation of that provision (*see
generally People v Correa*, 15 NY3d 213, 233).

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court