*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    July 28, 2016                  522140
_____

In the Matter of EDWARD L.
    NEW III,
                        Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

LIEUTENANT VASILE, as Hearing
    Officer, et al.,
                        Respondents.
_____

Calendar Date:   June 6, 2016

Before:   Peters, P.J., McCarthy, Rose, Clark and Aarons, JJ.

                        _____


        Edward L. New III, Buffalo, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondents.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner approached a correction officer, informed the officer that he had information to tell him and then the pair went into a closet.  Once inside, petitioner grabbed the officer's genitals and said, "[W]e are alone just me and you."  As a result of this incident, petitioner was charged in a misbehavior report with engaging in forcible touching, assaulting staff, making threats and interfering with an employee.  Following a tier III disciplinary hearing, petitioner was found guilty as charged.  The determination was affirmed upon

administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, related documentation and detailed testimony of its author provide substantial evidence to support the determination of guilt (see Matter of Pellot v Fischer, 67 AD3d 1231, 1231 [2009]; Matter of Taveras v Fischer, 59 AD3d 827, 828 [2009], lv denied 13 NY3d 702 [2009]). Petitioner's claim that he did not intentionally touch or grab the correction officer presented a credibility issue for the Hearing Officer to resolve (see Matter of White v Prack, 131 AD3d 1333, 1334 [2015], lv denied 26 NY3d 920 [2016]). As to petitioner's claim that no force was used in the incident, forcible touching includes, among other conduct, grabbing (see 7 NYCRR 270.2 [B] [2] [ii]). Finally, petitioner's remaining claims, including his assertion that the Hearing Officer was biased and that the penalty imposed was excessive, are unpreserved for our review (see Matter of Wigfall v Department of Corr. Servs., 100 AD3d 1211, 1213 [2012]; Matter of Maldonado v New York State Dept. of Corr. Servs., 97 AD3d 873, 874 [2012]).

Peters, P.J., McCarthy, Rose, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court