In the Matter of RANDY RODRIGUEZ, Petitioner, v A. ROD-RIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [56 NYS3d 901]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with assault, fighting, violent conduct, creating a disturbance and possessing a weapon. According to the report, petitioner was one of four inmates who attacked another inmate in the prison yard and was observed striking the victim in the head with a piece of wood. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative review and this CPLR article 78 proceeding ensued.

We confirm. To the extent that petitioner raises the issue of substantial evidence, the misbehavior report, related documentation and the hearing testimony of the author of the report provide substantial evidence to support the determination of guilt (see Matter of New v Vasile, 141 AD3d 1064, 1065 [2016]; Matter of Lopez v Annucci, 138 AD3d 1338, 1339 [2016]). Although petitioner and his inmate witnesses maintained that petitioner was not involved in the attack, this created a credibility issue for the Hearing Officer to resolve (see Matter of Tigner v Annucci, 147 AD3d 1138, 1139 [2017]; Matter of McClain v Venettozzi, 146 AD3d 1264, 1265 [2017]).

Turning to petitioner's procedural claims, we reject his contention that he was improperly denied a videotape of the yard. A black and white videotape of the incident was played at petitioner's hearing. Petitioner informed the Hearing Officer that he believed another videotape existed of the attack that was filmed in color and depicted the incident more clearly but, inasmuch as the hearing evidence established that petitioner

was incorrect, his contention is without merit (*see Matter of Benitez v Annucci*, 139 AD3d 1215, 1216 [2016]; *Matter of Byrd v Fischer*, 117 AD3d 1263, 1263 [2014]; *Matter of Lewis v Fischer*, 112 AD3d 1194, 1195 [2013]). Further, there is no support in the record for petitioner's claims that he did not receive a fair hearing or that the Hearing Officer was biased or that the determination flowed from the alleged bias (*see Matter of DeJesus v Venettozzi*, 145 AD3d 1275, 1276 [2016], *lv denied* 29 NY3d 908 [2017]; *Matter of Safford v Annucci*, 144 AD3d 1271, 1272-1273 [2016], *lv denied* 29 NY3d 901 [2017]). To the extent preserved, petitioner's remaining claims, including that respondent's answer violated CPLR 7804 (e), have been considered and found to be without merit.

Garry, J.P., Devine, Clark, Rumsey and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.