Appeal from a judgment of the Supreme Court (Hayden, J.), entered September 14, 2016 in Chemung County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 In July 2012, petitioner, then incarcerated at Elmira Correctional Facility in Chemung County, was charged in a misbehavior report with assault, fighting, violent conduct and creating a disturbance. Although petitioner initially was found guilty as charged, the determination was administratively reversed on October 12, 2012, and a rehearing was directed to be commenced within seven days and completed within 14 days. At the time of the tier III disciplinary rehearing, petitioner was incarcerated at Southport Correctional Facility in Che-mung County. Following that rehearing, petitioner again was found guilty of the charges, and a penalty was imposed. Upon petitioner’s administrative appeal, the determination was modified in January 2013 to the extent that the assault charge was dismissed and the penalty was reduced.
 

 Thereafter, in April 2013, petitioner commenced this CPLR article 78 proceeding in Erie County — where he then was incarcerated — challenging the determination of guilt and contending that he had been provided with inadequate winter clothing while housed in the special housing unit at Southport Correctional Facility. Venue was transferred to Chemung County in January 2015 and, following service of respondent’s answer, Supreme Court dismissed the petition, finding no merit to petitioner’s various procedural claims and concluding that petitioner had failed to exhaust his administrative remedies relative to his inadequate clothing claim. This appeal by petitioner ensued.
 

 Petitioner, as so limited by his brief, contends that the rehearing was not timely completed, that he improperly was denied the right to call his parents as witnesses and that the Hearing Officer evidenced bias and/or otherwise deprived him of due process. Contrary to petitioner’s assertion, the rehearing was not untimely as it was completed within the time period authorized by and set forth in the valid extension that was obtained by the Hearing Officer (see Matter of Vidal v Annucci, 149 AD3d 1366, 1367 [2017]; Matter of Jackson v Annucci, 144 AD3d 1285, 1286 [2016], lv denied 29 NY3d 907 [2017]) due to the unavailability of an employee witness (cf. Matter of Lanfranco v Fischer, 105 AD3d 1235, 1235 [2013], lv dismissed 22 NY3d 929 [2013]; Matter of Sanders v Goord, 47 AD3d 1183, 1183 [2008]). Petitioner’s claim that he should have been permitted to call his parents as witnesses is equally unavailing, as his parents did not witness the underlying incident and, at best, could have testified that they were told by a correction officer that he had viewed a videotape of the incident. Upon independent inquiry, however, the Hearing Officer confirmed that no such videotape existed. Therefore, the testimony of the requested witnesses was properly denied as “irrelevant and immaterial in view of [both] their lack of direct knowledge of the facts giving rise to this proceeding” (Matter of Nijman v Goord, 294 AD2d 737, 738 [2002]; see Matter of Telesford v Annucci, 145 AD3d 1304, 1305-1306 [2016]) and petitioner’s admitted participation in the underlying incident. Finally, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination of guilt flowed from any alleged bias, nor are we persuaded that petitioner otherwise was deprived of a fair hearing (see Matter of Rodriguez u Rodriguez, 153 AD3d 1006, 1006 [2017]; Matter of Sherman v Annucci, 142 AD3d 1196, 1198 [2016]). Accordingly, Supreme Court’s judgment dismissing the petition is affirmed.
 

 Peters, P.J., Lynch, Rose, Mulvey and Aarons, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.