■ In the Matter of GLASCO WRIGHT, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al., Respondents. [62 NYS3d 828]—

Appeal from a judgment of the Supreme Court (Hayden, J.), entered June 3, 2016 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Elmira Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report dated January 6, 2015 with violating the prison disciplinary rules prohibiting smuggling and stealing state property. Petitioner was served with a copy of the misbehavior report the following day, and his tier II disciplinary hearing commenced on January 9, 2015. The hearing, which was adjourned to obtain the testi-

mony of an employee witness, resumed on January 28, 2015, at which time the Hearing Officer advised petitioner that he had previously obtained an extension to complete the hearing by that date. At the conclusion of the hearing, petitioner was found guilty of both charges, and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the determination—primarily contending that the hearing was not completed in a timely manner. Supreme Court dismissed the petition, and this appeal by petitioner ensued.

We affirm. "Pursuant to 7 NYCRR 251-5.1 (b), a hearing must be completed within 14 days of the writing of the misbehavior report, unless otherwise authorized" (*Matter of James v Goord*, 28 AD3d 885, 886 [2006]), and "[t]he 14-day period . . . is calculated by excluding the day that the misbehavior report [was] written" (*Matter of Harris v Goord*, 268 AD2d 933, 934 [2000]; *see Matter of Afrika v Edwards*, 160 AD2d 1212, 1212 [1990]). As petitioner's misbehavior report was written on January 6, 2015, the hearing—absent a valid extension—had to be completed by January 21, 2015. The record reflects that, on that date, the Hearing Officer requested and obtained an extension to complete the hearing by January 27, 2015 (due to the unavailability of a requested employee witness) and, thereafter, obtained an additional one-day extension to complete the hearing by January 28, 2015 (due to the Hearing Officer's unavailability). As the record reflects that the Hearing Officer obtained a valid extension within the 14-day period, as well as a subsequent one-day extension, and thereafter completed the hearing within the time frame provided for in the final extension, petitioner's challenge to the timeliness of the hearing is unavailing (*see Matter of Linnen v Prack*, 92 AD3d 986, 986 [2012], *lv dismissed* 20 NY3d 905 [2012]; *Matter of Rush v Bezio*, 79 AD3d 1548, 1549 [2010]; *Matter of Davis v Prack*, 63 AD3d 1457, 1458 [2009]), as is his claim of hearing officer bias (*see Matter of Rodriguez v Rodriguez*, 153 AD3d 1006, 1007 [2017]).

McCarthy, J.P., Egan Jr., Clark, Aarons and Pritzker, JJ., concur. Ordered that the judgment is affirmed, without costs.