Matter of Weston v Loughren (2023 NY Slip Op 03278)

Matter of Weston v Loughren

2023 NY Slip Op 03278

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

CV-22-2195
[*1]In the Matter of Atiq Akeem Weston, Petitioner,
v
Thomas J. Loughren, as Commissioner of the Commission of Correction, Respondent.

Calendar Date:May 26, 2023

Before:Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ.

Atiq Akeem Weston, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with violating various prison disciplinary rules. According to the first misbehavior report, petitioner, on January 5, 2022, became agitated after being informed by a correction officer that he would be moved to another housing unit to be quarantined due to COVID-19 contact tracing. When the correction officer subsequently walked past petitioner's cell, petitioner threw a bucket of an unknown substance on the correction officer, which hit the correction officer in the head, face and upper torso. As a result, petitioner was charged with interfering with an employee, assaulting an employee and engaging in an unhygienic act. The second misbehavior report alleged that petitioner asked to speak with the offender rehabilitation coordinator (hereinafter ORC) while she was completing her rounds. The ORC stopped at petitioner's cell and, while she waited for another conversation to end so that she could hear petitioner better, petitioner adjusted a blanket that was covering him and began stroking his exposed penis. As a result, petitioner was charged with engaging in lewd conduct. Following separate tier III disciplinary hearings, petitioner was found guilty of all charges. Those determinations were affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging both determinations.
In regard to the first misbehavior report, we are unpersuaded by petitioner's sole contention that the hearing, which commenced on January 24, 2022, was untimely. The record reflects that a valid extension request was obtained based upon petitioner's 14-day quarantine status and directed that the hearing be commenced on or before January 25, 2022. Regardless of petitioner's unsupported allegation that he was released from quarantine after 10 days, the hearing was commenced within the time frame provided for by the extension (see Matter of Wright v New York State Dept. of Corr. & Community Supervision, 155 AD3d 1137, 1138 [3d Dept 2017], appeal dismissed 30 NY3d 1090 [2018]). "In any event, compliance with the regulatory time limits contained in 7 NYCRR 251-5.1 is directory only, and there is no indication of any substantive prejudice to petitioner resulting from the delay" (Matter of Malloy v Rodriguez, 200 AD3d 1382, 1383 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]).
Turning to the second misbehavior report, petitioner's contention that the determination is not supported by substantial evidence is unavailing. The misbehavior report and testimony from the ORC provide substantial evidence to support the determination that petitioner engaged in lewd conduct (see Matter [*2]of Stewart v Collado, 214 AD3d 1229, 1230 [3d Dept 2023]; Matter of Dillon v Annucci, 196 AD3d 957, 958 [3d Dept 2021]; Matter of McDonald v Annucci, 159 AD3d 1216, 1217 [3d Dept 2018]). Although petitioner denied engaging in such conduct, this created a credibility issue for the Hearing Officer to resolve (see Matter of Stewart v Collado, 214 AD3d at 1230; Matter of Swinton v Venettozzi, 164 AD3d 1584, 1585 [3d Dept 2018]).
We are unpersuaded that the Hearing Officer was biased. The Hearing Officer properly limited petitioner's questioning of the ORC relevant to the conduct charged (see Matter of Hickson v Annucci, 214 AD3d 1290, 1291 [3d Dept 2023]). Further, the Hearing Officer properly denied as irrelevant petitioner's request for videotape depicting his interaction with a correction officer that occurred hours after the incident at issue (see Matter of Byrd v Fischer, 117 AD3d 1263, 1263 [3d Dept 2014]; Matter of Cornelius v Fischer, 98 AD3d 779, 780 [3d Dept 2012]). Nor do we perceive any inherent risk of conflict in the Hearing Officer being a supervisor of the ORC who authored the misbehavior report (see Matter of Nicholas v Schriver, 259 AD2d 863, 863-864 [3d Dept 1999]). In short, the record reflects that the determination of guilt resulted from the evidence presented and not from any alleged bias on the part of the Hearing Officer (see Matter of Ortiz v Annucci, 214 AD3d 1271, 1273 [3d Dept 2023]; Matter of Agostini v Venettozzi, 214 AD3d 1228, 1229 [3d Dept 2023]). To the extent not specifically addressed, petitioner's remaining contentions are without merit.
Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ., concur.
ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.