■ In the Matter of VICTOR SOWELL, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [968 NYS2d 812]—Appeal from a judgment of the Supreme Court (Teresi, J.), entered February 17, 2012 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced a CPLR article 78 proceeding challenging two tier III prison disciplinary determinations, one of which was rendered as the result of an April 26, 2011 hearing in which petitioner claimed that he received inadequate assistance because his assistant failed to, among other things, interview

requested witnesses. Petitioner sought annulment of this determination and expungement of the same from his institutional record. Although Supreme Court agreed that petitioner received inadequate assistance and annulled the determination, it remitted the matter for a new hearing. Insofar as petitioner did not receive the relief he requested, he appeals from Supreme Court's judgment.

During the pendency of petitioner's appeal, a new hearing was conducted and petitioner was again found guilty of the charges. He, in turn, commenced a second CPLR article 78 proceeding challenging this determination. Supreme Court annulled the second determination, but this time ordered that the matter be expunged from petitioner's institutional record. In accordance with Supreme Court's judgment, the Department of Corrections and Community Supervision administratively reversed the second determination, returned the $5 mandatory surcharge to petitioner and released petitioner from the special housing unit. In view of this, petitioner has received all of the relief to which he is entitled and the appeal must be dismissed as moot (see Matter of Applewhite v Selsky, 14 AD3d 736, 736-737 [2005]; Matter of Sutton v Coombe, 238 AD2d 647, 648 [1997]).

Peters, P.J., Rose, Lahtinen and Garry, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs. ■