■ In the Matter of LAVAR DAVIS, Appellant, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [59 NYS3d 833]—

Appeal from a judgment of the Supreme Court (Melkonian, J.), entered July 5, 2016 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review three determinations finding petitioner guilty of violating certain prison disciplinary rules.

As the result of a cell search, petitioner was charged in a misbehavior report with numerous disciplinary rule violations

---

and he was found guilty of these charges following a tier III disciplinary hearing. He was charged in a second misbehavior report with additional disciplinary rule violations after he verbally threatened a correction officer and he was found guilty of these charges following another tier III disciplinary hearing. Both determinations were affirmed on administrative appeal.

Thereafter, petitioner was charged in a third misbehavior report with further disciplinary rule violations when he refused to stop banging on his cell gate and he was found guilty of these charges following a tier II disciplinary hearing. The penalty included 30 days in the special housing unit (hereinafter SHU) invoked from a suspended and deferred penalty that had been imposed in connection with a prior tier II disciplinary determination that had been administratively reversed. This determination was later affirmed on administrative appeal.

Petitioner commenced this CPLR article 78 proceeding challenging the three disciplinary determinations. Following joinder of issue, Supreme Court addressed petitioner's procedural claims and partially granted the petition to the extent of vacating the penalty of 30 days in SHU imposed on the tier II disciplinary determination, but otherwise dismissed the petition, upholding the determinations. Petitioner now appeals.

Petitioner contends, among other things, that he was improperly denied the right to be present during the Hearing Officer's questioning of a particular correction officer at the first tier III disciplinary hearing. This claim is belied by the record. Although the Hearing Officer initially sought to take this officer's testimony out of petitioner's presence, the officer was recalled and testified in petitioner's presence due to a defective tape recording. Notably, petitioner was given the opportunity to ask the officer questions, but declined to do so.

Petitioner also claims that he was denied adequate employee assistance at the first tier III disciplinary hearing because his assistant failed, among other things, to interview two inmate witnesses. However, given that both inmates testified at the hearing and were subject to questioning, petitioner has not shown that he was prejudiced (see Matter of Taylor v Annucci, 140 AD3d 1433, 1434 [2016]; see also Matter of McNeil v Fischer, 95 AD3d 1520, 1522 [2012]). Furthermore, with respect to the tier II disciplinary determination, petitioner asserts that the penalty of 30 days in SHU must be annulled because it originated from a prior tier II disciplinary determination that has been administratively reversed. Supreme Court agreed and granted the petition to this extent. Inasmuch as petitioner has received the relief that he requested, his challenge to the

tier II disciplinary determination is moot (*see e.g. Matter of Lashway v Fischer*, 112 AD3d 1172 [2013]; *Matter of Sowell v Fischer*, 108 AD3d 962, 963 [2013], *appeal dismissed* 22 NY3d 913 [2013], *lv denied* 22 NY3d 855 [2013]). We have considered petitioner's remaining arguments, to the extent they are properly before us, and find them to be lacking in merit.

Peters, P.J., Garry, Rose, Mulvey and Pritzker, JJ., concur. Ordered that the judgment is affirmed, without costs.