Matter of Caldwell v Venettozzi (2018 NY Slip Op 07504)





Matter of Caldwell v Venettozzi


2018 NY Slip Op 07504


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]In the Matter of RICKY CALDWELL, Appellant,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: September 18, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Clark and Rumsey, JJ.


Ricky Caldwell, Ossining, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Zwack, J.), entered September 5, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
For approximately 45 minutes, petitioner and 145 other inmates refused to exit the prison yard and return to their cell block. During the incident, petitioner was observed waving his arms and encouraging other inmates to refuse orders to return to their cells, which prompted inmates in another cell block to bang their cell bars and vocalize their support for the inmates in the prison yard who were refusing to return to their cells. As a result of this incident, petitioner was charged in a misbehavior report with violating a facility movement regulation, refusing a direct order, demonstrating, engaging in unauthorized assembly and creating a disturbance. Following a tier III disciplinary hearing, petitioner was found not guilty of creating a disturbance and guilty of the remaining charges. The determination was upheld on administrative appeal, and petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition. Petitioner appeals.
We affirm. As an initial matter, we reject petitioner's claim that the hearing was not completed in a timely manner. The record reflects that the Hearing Officer obtained valid extensions and thereafter completed the hearing within the time frame provided for in the final extension (see Matter of Wright v New York State Dept. of Corr. & Community Supervision, 155 AD3d 1137, 1138 [2017], appeal dismissed 30 NY3d 1090 [2018]; Matter of Vidal v Annucci, 149 AD3d 1366, 1367 [2017], lv denied 30 NY3d 906 [2017]). In any event, "compliance with the regulatory time limits contained in 7 NYCRR 251-5.1 is directory only and there is no indication of any substantive prejudice to petitioner resulting from the delay" (Matter [*2]of Shearer v Annucci, 155 AD3d 1277, 1278 [2017] [internal quotation marks and citations omitted]). We also reject petitioner's contention that he received inadequate employee assistance due to the employee assistant's failure to provide him with requested witness statements. Given that all of petitioner's requested witnesses testified at the hearing, petitioner has not demonstrated any deficiencies or that prejudice resulted therefrom (see Matter of Davis v Venettozzi, 152 AD3d 1112, 1113 [2017]). Furthermore, upon reviewing the record, we do not find that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Mendez v Annucci, 155 AD3d 1146, 1147 [2017]). To the extent that petitioner's remaining contentions are properly before us, we have considered them and find them to be without merit.
Garry, P.J., McCarthy, Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.