Matter of Lopez v Annucci (2019 NY Slip Op 02766)





Matter of Lopez v Annucci


2019 NY Slip Op 02766


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

527006

[*1]In the Matter of MICHAEL R. LOPEZ, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 15, 2019

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Michael R. Lopez, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Ronald M. Goldfarb of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with engaging in sexual acts, violating facility visiting procedures and engaging in lewd conduct after he was observed by a correction officer removing his penis from his pants, touching and, among other sexual acts, being touched in the groin area by a female visitor. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. Upon administrative appeal, the penalty was modified, but the determination otherwise was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The misbehavior report, the testimony adduced at the hearing, the documentary evidence and the video recording of the incident provide substantial evidence to support the determination of guilt (see Matter of Caldwell v Rock, 93 AD3d 1048, 1048 [2012]; Matter of Mealer v Selsky, 290 AD2d 778, 778 [2002]; Matter of Garcia v Goord, 261 AD2d 674, 674 [1999], lv dismissed 94 NY2d 834 [1999]). The contrary testimony offered by petitioner and his inmate witness, as well as petitioner's assertion that he was not the subject inmate in the video recording of the incident, presented credibility issues for the Hearing Officer to resolve (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d 1327, 1328 [2019]).
Turning to petitioner's procedural arguments, his contention regarding the delay in conducting the hearing lacks merit, as the hearing was completed within the time frames set forth [*2]in the extensions that were necessary to obtain the video recording of the incident and the attempt to obtain testimony from certain requested witnesses (see Matter of Moise v Annucci, 168 AD3d 1337, 1338 [2019]). In any event, the time requirements contained in 7 NYCRR 251-5.1 are directory, not mandatory, and petitioner has failed to demonstrate prejudice as a result of any delay that occurred (see id.; Matter of Caldwell v Venettozzi, 166 AD3d 1184, 1185 [2018]). As to petitioner's inadequate employee assistance claim, the record reflects that he received meaningful assistance. All of petitioner's requested witnesses testified at the hearing (see Matter of Caldwell v Venettozzi, 166 AD3d at 1185; Matter of Davis v Venettozzi, 152 AD3d 1112, 1113 [2017]), and petitioner was provided with all existing and relevant documents that he requested; accordingly, petitioner has failed to demonstrate that he was prejudiced. Petitioner's remaining contentions, to the extent they are preserved, have been considered and found to be without merit.
Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.