Matter of Anselmo v Annucci (2019 NY Slip Op 05246)





Matter of Anselmo v Annucci


2019 NY Slip Op 05246


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

527543

[*1]In the Matter of ALEX ANSELMO, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 24, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Alex Anselmo, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Mackey, J.), entered September 20, 2018 in Albany County, which, among other things, in a proceeding pursuant to CPLR article 78, annulled a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules and directed a new hearing.
Petitioner was charged in a misbehavior report with assault on staff and committing an unhygienic act. Following a tier III disciplinary hearing,[FN1] petitioner was found guilty of the charges and, on administrative appeal, the determination was upheld on May 18, 2018. Petitioner commenced a proceeding pursuant to CPLR article 78 seeking, among other relief, annulment of respondent's determination. In response, the Attorney General submitted a letter to Supreme Court conceding that an error had occurred at the disciplinary hearing and that petitioner was entitled to a rehearing [FN2]. Supreme Court thereafter annulled the determination and directed that a rehearing be conducted on the misbehavior report. Petitioner appealed arguing, among other things, that a rehearing should not occur.
The Attorney General has advised this Court that, while this appeal was pending, a rehearing was conducted on November 30, 2018. Although petitioner was again found guilty of the charges, the determination was subsequently administratively reversed, all references thereto have been expunged from petitioner's disciplinary records and the $5 mandatory surcharge has been refunded to petitioner's inmate account [FN3]. As respondent's initial determination was annulled [*2]by Supreme Court and no further proceedings are contemplated, the appeal must be dismissed as moot (see Matter of Sowell v Fischer, 108 AD3d 962, 963 [2013], appeal dismissed 22 NY3d 913 [2013], lv denied 22 NY3d 855 [2013]). Respondent is directed to expunge all references thereto from petitioner's disciplinary records, if this corrective action has not yet been taken [FN4]. To the extent that petitioner sought in his petition to be restored to the status that he enjoyed prior to the initial disciplinary determination, he is not entitled to such relief (see Matter of Adams v Annucci, 167 AD3d 1125, 1126 [2018]).
Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: The transcript of the April 6, 2018 disciplinary hearing is not in the record on appeal.

Footnote 2: Petitioner submitted a letter in reply, reiterating the relief requested in the petition, but did not clearly oppose a rehearing.

Footnote 3: There is no indication that a further disciplinary hearing on the misbehavior report is contemplated.

Footnote 4: Correspondence from the Attorney General did not indicate that all references to the initial determination had been expunged from petitioner's disciplinary record.